UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**04 10761 RWZ**

HENDERSON BUTLER, )
            )   MAGISTRATE JUDGE Bowley
   Plaintiff, )   CIVIL ACTION NO. _____
            )
v.          )
            )
MAKOTO NAGOSHI, M.D. and )
JONATHAN GORDON, M.D., )   Formerly Civil No. 03-5852
            )   Suffolk County Superior Court
   Defendants. )

RECEIPT # _____
AMOUNT $ N/A
SUMMONS ISSUED N/A
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. T.O.M
DATE 4/15/04

NOTICE OF REMOVAL

The United States of America, the proper defendant in the above-entitled action alleging negligence by two doctors employed by the Department of Veterans Affairs ("VA") during an April 27, 1999 medical procedure at the VA Hospital in West Roxbury, Massachusetts, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully states as follows:

1. Two employees of the VA, a federal agency, have been named as defendants in a civil action alleging medical malpractice arising out of an April 27, 1999 medical procedure at the VA Hospital in West Roxbury, Massachusetts now pending in the Commonwealth of Massachusetts Superior Court, entitled Butler v. Nagoshi, et al., Civil Action No. 03-5852. The employees were working within the scope of their VA employment at all relevant times. See Certification filed herewith.

2. The action is removable to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 1441, 1442 and/or 1446.

3. The removal of this action is timely under the provisions of 28 U.S.C. § 2679(d)(2), which

authorizes removal of tort suits against the federal government at any time before trial.

4. Copies of all pleadings received by the United States are attached hereto.

Respectfully submitted,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By: /s/ Jeremy M. Sternberg

Jeremy M. Sternberg (BBO #556566)
Assistant U.S. Attorney
One Courthouse Way, Suite 9200
Boston, MA 02210
Tel: (617)-748-3142

Dated: 4-15-04

### CERTIFICATE OF SERVICE

This is to certify that I have this 15th day of April, 2004, served upon the person listed below a copy of the foregoing Notice of Removal by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery: Neil S. Cohen, Law Offices of Jeffrey S. Glassman, LLP, One Beacon Street, Suite 3333, Boston, MA 02108.

/s/ Jeremy M. Sternberg
Jeremy M. Sternberg
Assistant U.S. Attorney

MAR 10 2004 10:41AM HP ERJET 3200 P.2
Mar 10 04 10:30a vascular assoc 9782503969 P.2
Case 1:04-cv-10761-RWZ   Document 1   Filed 04/15/2004   Page 3 of 12

# Commonwealth of Massachusetts

SUFFOLK, ss:

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. _____03-5852_____

_____Henderson Butler_____, Plaintiff(s)

v.

_____Makoto Nagoshi, M.D. and_____, Defendant(s)
_____Jonathan Gordon, M.D._____

## SUMMONS

To the above-named Defendant: Jonathan Gordon, M.D.

You are hereby summoned and required to serve upon _Neil S. Cohen, Esquire_ _Law Offices of Jeffrey S. Glassman, L.L.P._ plaintiff's attorney, whose address is _1 Beacon St., Ste. 3333, Boston, MA_, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the _____FOURTH_____ day of _____MARCH_____, in the year of our Lord two thousand _____FOUR_____.

*Michael Joseph Donovan*
Clerk/Magistrate

TRUE COPY ATTEST
DEPUTY SHERIFF
Middlesex County
3/9/2003

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM CIV.P. 1 3rd Rev. 30M 10/2000

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                          SUPERIOR COURT
                                      CIVIL ACTION NO.

HENDERSON BUTLER,           )
                            )
        Plaintiff,          )
                            )
v.                          )
                            )
                            )                        03-5852
MAKOTO NAGOSHI, MD and      )    RECEIVED
JONATHAN GORDON, MD         )
                            )    DEC 12 2003
        Defendants.         )
                                 SUPERIOR COURT
                                 DEPARTMENT OF THE TRIAL COURT
                                 FOR CIVIL BUSINESS

**COMPLAINT AND JURY DEMAND**

**PARTIES**

1.

Plaintiff Henderson Butler is an individual residing at 15 West Tremlet Street, Dorchester, Suffolk County, Massachusetts.

2.

Based upon information and belief, Defendant Jonathan Gordon, is an individual licensed to practice medicine in the Commonwealth of Massachusetts, holding himself out to be a specialist in general and vascular surgery whose usual place of business is 43 Village Square, Chelmsford, Middlesex County, Massachusetts.

3.

Based upon information and belief, Makoto Nagoshi, MD is an individual licensed to practice medicine in the Commonwealth of Massachusetts, holding himself out to be a

MAR 10 2004 10:41AM  HP  ASERJET 3200                                    p.4
Mar 10 04 10:30a    vascular assoc              9782503963              p.4

specialist in anesthesiology whose usual place of business is 736 Cambridge Street, Brighton, Suffolk County, Massachsuetts.

## COUNT I

### (Negligence-Jonathan Gordon, M.D.)

4.

Plaintiff repeats, restates and incorporates those allegations contained in paragraphs one (1) through three (3) as if fully set forth in their entirety.

5.

Plaintiff, Henderson Butler, was an individual who came under the care and treatment of defendant Jonathan Gordon, M.D. for a ventral hernia repair on April 27, 1999 performed at the Veteran's Administration Hospital in West Roxbury, Massachusetts.

6.

A doctor-patient relationship was established between plaintiff and defendant Gordon.

7.

Subsequently, the defendant, Dr. Gordon, M.D., by himself or through his employees, agents and/or servants, negligently provided medical services to plaintiff during the hernia repair, which plaintiff had no reason to know occurred until December 12, 2000.

8.

Defendant, Jonathan Gordon, M.D. failed to meet the applicable standard of care in his follow-up treatment of

plaintiff by failing to discover his negligence and by doing so caused further injury.

9.

As a direct and proximate result of defendant, Jonathan Gordon, M.D.'s acts of negligence, plaintiff has suffered and will continue to suffer great pain of body and anguish of mind; his ability to work, to earn income and to perform his usual activities has been restricted; his health has been impaired; he has been required to spend sums of money for continued medical care and treatment; and his ability to enjoy a normal life has been adversely affected.

WHEREFORE, the plaintiff, Henderson Butler demands judgment against defendant Jonathan Gordon, M.D. in an amount to be shown at trial for the serious injuries plaintiff sustained as a result of defendant's negligence, plus interest, costs and reasonable attorney's fees.

## COUNT II

### (Breach of Duty-Jonathan Gordon, M.D.)

10.

Plaintiff repeats, restates and incorporates by reference those allegations contained in paragraphs one (1) through three (3), and paragraphs four (4) through nine (9) of Count I as if fully set forth in their entirety.

11.

Plaintiff, Henderson Butler, was an individual who came under the care and treatment of defendant Jonathan Gordon,

M.D. for hernia repair surgery on April 27, 1999 performed at the Veteran's Administration Hospital in West Roxbury, Massachusetts.

12.

Defendant Gordon, as a general and vascular surgeon had a duty to plaintiff to utilize those skills, procedures and practices that another orthopedic surgeon in like circumstances would utilize in a hernia repair surgery.

13.

A doctor-patient relationship was established between plaintiff and defendant Gordon.

14.

Defendant, Jonathan Gordon, M.D., by himself or through his employees, agents and/or servants, breached his duty of care by negligently providing medical services to plaintiff during the ventral hernia repair.

15.

Defendant, Jonathan Gordon, M.D. failed to meet the applicable standard of care in his follow-up treatment of plaintiff by failing to discover the negligence and by doing so caused further injury, providing plaintiff with no reason to know either a breach of duty or negligence occurred until December 12, 2000.

16.

As a direct and proximate result of defendant, Jonathan Gordon M.D.'s negligence and breach of duty, plaintiff has suffered and will continue to suffer great pain of body and

anguish of mind; his ability to work, to earn income and to perform his usual activities has been restricted; his health has been impaired; he has been required to spend sums of money for continued medical care and treatment; he has been required to spend sums of money for continued medical care and treatment; and his ability to enjoy a normal life has been adversely affected.

WHEREFORE, the plaintiff, Henderson Butler demands judgment against defendant Jonathan Gordon, M.D. in an amount to be shown at trial for the serious injuries plaintiff sustained as a result of defendant's negligence, plus interest, costs and reasonable attorney's fees.

### Count III
#### (Negligence -Makoto Nagoshi, M.D.)

17.

Plaintiff repeats, restates and incorporates by reference those allegations contained in paragraphs one (1) through four (4), paragraphs five (5) through nine (9) of Count I, and paragraphs ten (10) through sixteen (16) of Count II as if fully set forth in their entirety.

18.

Plaintiff, Henderson Butler, was an individual who came under the care and treatment of defendant Makoto Nagoshi, M.D. for a ventral hernia repair on April 27, 1999 performed at the Veteran's Administration Hospital in West Roxbury, Massachusetts.

19.

A doctor-patient relationship was established between plaintiff and defendant Gordon.

20.

Subsequently, the defendant, Dr. Nagoshi, M.D., by himself or through his employees, agents and/or servants, negligently provided medical services to plaintiff during the hernia repair, which plaintiff had no reason to know occurred until December 12, 2000.

21.

Defendant, Makoto Nagoshi, M.D. failed to meet the applicable standard of care in his follow-up treatment of plaintiff by failing to discover his negligence and by doing so caused further injury.

22.

As a direct and proximate result of defendant, Makoto Nagoshi's, M.D.'s acts of negligence, plaintiff has suffered and will continue to suffer great pain of body and anguish of mind; his ability to work, to earn income and to perform his usual activities has been restricted; his health has been impaired; he has been required to spend sums of money for continued medical care and treatment; and his ability to enjoy a normal life has been adversely affected.

WHEREFORE, the plaintiff, Henderson Butler demands judgment against defendant Makoto Nagoshi, M.D. in an amount to be shown at trial for the serious injuries plaintiff

MAR 10 2004 10:42AM  HP  LASERJET 3200                                p.9
Mar 10 04 10:32a    vascular assoc        9782503969                  p.9

sustained as a result of defendant's negligence, plus interest, costs and reasonable attorney's fees.

### COUNT IV

(Breach of Duty-Makoto Nagoshi, M.D.)

23.

Plaintiff repeats, restates and incorporates by reference those allegations contained in paragraphs one (1) through four (4), paragraphs five (5) through nine (9) of Count I, paragraphs ten (10) through sixteen (16) of Count II, and paragraphs seventeen (17) through twenty-two (22) of Count IV as if fully set forth in their entirety.

24.

Plaintiff, Henderson Butler, was an individual who came under the care and treatment of defendant Makoto Nagoshi, M.D. for hernia repair surgery on April 27, 1999 performed at the Veteran's Administration in West Roxbury, Massachusetts.

25.

Defendant Nagoshi, as an anesthesiologist had a duty to plaintiff to utilize those skills, procedures and practices that another anesthesiologist in like circumstances would utilize in a hernia repair surgery.

26.

A doctor-patient relationship was established between plaintiff and defendant Nagoshi.

27.

Defendant, Makoto Nagoshi, M.D., by himself or through his employees, agents and/or servants, breached his duty of

MAR 10 2004 10:42AM HP LASERJET 3200
Case 1:04-cv-10761-RWZ    Document 1    Filed 04/15/2004    Page 11 of 12    p.10
Mar 10 04 10:32a    vascular assoc    9782503968    p.10

care by negligently providing medical services to plaintiff during the ventral hernia repair.

28.

Defendant, Makoto Nagoshi, M.D. failed to meet the applicable standard of care in his follow-up treatment of plaintiff by failing to discover the negligence and by doing so caused further injury, providing plaintiff with no reason to know either a breach of duty or negligence occurred until December 12, 2000.

29.

As a direct and proximate result of defendant, Makoto Nagoshi, M.D.'s negligence and breach of duty, plaintiff has suffered and will continue to suffer great pain of body and anguish of mind; his ability to work, to earn income and to perform his usual activities has been restricted; his health has been impaired; he has been required to spend sums of money for continued medical care and treatment; he has been required to spend sums of money for continued medical care and treatment; and his ability to enjoy a normal life has been adversely affected.

WHEREFORE, the plaintiff, Henderson Butler demands judgment against defendant Makoto Nagoshi, M.D. in an amount to be shown at trial for the serious injuries plaintiff sustained as a result of defendant's negligence, plus interest, costs and reasonable attorney's fees.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS**

Respectfully submitted,

Henderson Butler
By his attorney
LAW OFFICES OF JEFFREY S. GLASSMAN, L.L.P.

*(signature)*
NEIL S. COHEN, ESQ.
BBO NO. 561173
One Beacon Street, Suite 3333
Boston, MA 02108
(617) 367-2900

Dated: 12/12/03

*fax 722-9999*