UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HENDERSON BUTLER,            )
                             )
         Plaintiff,          )    CIVIL ACTION NO. 04-10761-RWZ
v.                           )
                             )
UNITED STATES OF AMERICA,    )
                             )
         Defendant.          )

NOTICE OF FILING

PLEASE TAKE NOTICE that on this day the original certified or attested copies of the state court pleadings received from the Clerk of the Suffolk Superior Court, were filed with the United States District Court.

Respectfully submitted,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By: /s/ Jeremy M. Sternberg
Jeremy M. Sternberg
Assistant U.S. Attorney
One Courthouse Way, Suite 9200
Boston, MA 02210
Tel: (617) 748-3142

Dated: 4/22-04

Certificate of Service
I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each. Other party by mail/hand on _____

4-22-04
DATE    Assistant U.S. Attorney

*Suffolk Superior Civil # 03-5852*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

COPY

| | | |
|---|---|---|
| HENDERSON BUTLER, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. _____ |
| | ) | |
| v. | ) | |
| | ) | 04  10761 RWZ |
| MAKOTO NAGOSHI, M.D. and | ) | |
| JONATHAN GORDON, M.D., | ) Formerly Civil No. 03-5852 | |
| | ) Suffolk County Superior Court | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

The United States of America, the proper defendant in the above-entitled action alleging negligence by two doctors employed by the Department of Veterans Affairs ("VA") during an April 27, 1999 medical procedure at the VA Hospital in West Roxbury, Massachusetts, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully states as follows:

1. Two employees of the VA, a federal agency, have been named as defendants in a civil action alleging medical malpractice arising out of an April 27, 1999 medical procedure at the VA Hospital in West Roxbury, Massachusetts now pending in the Commonwealth of Massachusetts Superior Court, entitled <u>Butler v. Nagoshi, et al.</u>, Civil Action No. 03-5852. The employees were working within the scope of their VA employment at all relevant times. <u>See</u> Certification filed herewith.

2. The action is removable to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 1441, 1442 and/or 1446.

3. The removal of this action is timely under the provisions of 28 U.S.C. § 2679(d)(2), which

MAS-20030912  
guen

**Commonwealth of Massachusetts**  
SUFFOLK SUPERIOR COURT  
Case Summary  
Civil Docket

04/16/2004  
02:59 PM

## SUCV2003-05852
### Butler v Nagoshi MD et al

| Date | Paper | Text |
|---|---|---|
| | | review |
| 04/16/2004 | | Certified copy of petition for removal to U. S. Dist.Court of Defts. Makota Nagoshi M. D. and Jonathan Gordon M. D. U. S. Dist.#(04-10761RWZ). |
| 04/16/2004 | | Case REMOVED this date to US District Court of Massachusetts |

**EVENTS**

I HEREBY ATTEST AND CERTIFY ON  
APRIL 20, 2004, THAT THE  
FOREGOING DOCUMENT IS A FULL,  
TRUE AND CORRECT COPY OF THE  
ORIGINAL ON FILE IN MY OFFICE,  
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN  
CLERK / MAGISTRATE  
SUFFOLK SUPERIOR CIVIL COURT  
DEPARTMENT OF THE TRIAL COURT

BY: _[signature]_  
ASSISTANT CLERK.



COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                SUPERIOR COURT
                                            CIVIL ACTION NO.

HENDERSON BUTLER,              )
                               )
        Plaintiff,             )
                               )
v.                             )                    03-5852
                               )
                               )
                               )
MAKOTO NAGOSHI, MD and         )
JONATHAN GORDON, MD            )
                               )
                               )
        Defendants.            )

**COMPLAINT AND JURY DEMAND**

**PARTIES**

1.

Plaintiff Henderson Butler is an individual residing at 15 West Tremlet Street, Dorchester, Suffolk County, Massachusetts.

2.

Based upon information and belief, Defendant Jonathan Gordon, is an individual licensed to practice medicine in the Commonwealth of Massachusetts, holding himself out to be a specialist in general and vascular surgery whose usual place of business is 43 Village Square, Chelmsford, Middlesex County, Massachusetts.

3.

Based upon information and belief, Makoto Nagoshi, MD is an individual licensed to practice medicine in the Commonwealth of Massachusetts, holding himself out to be a

specialist in anesthesiology whose usual place of business is 736 Cambridge Street, Brighton, Suffolk County, Massachsuetts.

## COUNT I

### (Negligence-David Arndt, M.D.)

4.

Plaintiff repeats, restates and incorporates those allegations contained in paragraphs one (1) through three (3) as if fully set forth in their entirety.

5.

Plaintiff, Henderson Butler, was an individual who came under the care and treatment of defendant Jonathan Gordon, M.D. for a ventral hernia repair on April 27, 1999 performed at the Veteran's Administration Hospital in West Roxbury, Massachusetts.

6.

A doctor-patient relationship was established between plaintiff and defendant Gordon.

7.

Subsequently, the defendant, Dr. Gordon, M.D., by himself or through his employees, agents and/or servants, negligently provided medical services to plaintiff during the hernia repair, which plaintiff had no reason to know occurred until December 12, 2000.

8.

Defendant, Jonathan Gordon, M.D. failed to meet the applicable standard of care in his follow-up treatment of

plaintiff by failing to discover his negligence and by doing so caused further injury.

9.

As a direct and proximate result of defendant, Jonathan Gordon, M.D.'s acts of negligence, plaintiff has suffered and will continue to suffer great pain of body and anguish of mind; his ability to work, to earn income and to perform his usual activities has been restricted; his health has been impaired; he has been required to spend sums of money for continued medical care and treatment; and his ability to enjoy a normal life has been adversely affected.

WHEREFORE, the plaintiff, Henderson Butler demands judgment against defendant Jonathan Gordon, M.D. in an amount to be shown at trial for the serious injuries plaintiff sustained as a result of defendant's negligence, plus interest, costs and reasonable attorney's fees.

### COUNT II

#### (Breach of Duty-Jonathan Gordon, M.D.)

10.

Plaintiff repeats, restates and incorporates by reference those allegations contained in paragraphs one (1) through three (3), and paragraphs four (4) through nine (9) of Count I as if fully set forth in their entirety.

11.

Plaintiff, Henderson Butler, was an individual who came under the care and treatment of defendant Jonathan Gordon,

M.D. for hernia repair surgery on April 27, 1999 performed at the Veteran's Administration Hospital in West Roxbury, Massachusetts.

12.

Defendant Gordon, as a general and vascular surgeon had a duty to plaintiff to utilize those skills, procedures and practices that another orthopedic surgeon in like circumstances would utilize in a hernia repair surgery.

13.

A doctor-patient relationship was established between plaintiff and defendant Gordon.

14.

Defendant, Jonathan Gordon, M.D., by himself or through his employees, agents and/or servants, breached his duty of care by negligently providing medical services to plaintiff during the ventral hernia repair.

15.

Defendant, Jonathan Gordon, M.D. failed to meet the applicable standard of care in his follow-up treatment of plaintiff by failing to discover the negligence and by doing so caused further injury, providing plaintiff with no reason to know either a breach of duty or negligence occurred until December 12, 2000.

16.

As a direct and proximate result of defendant, Jonathan Gordon M.D.'s negligence and breach of duty, plaintiff has suffered and will continue to suffer great pain of body and

anguish of mind; his ability to work, to earn income and to perform his usual activities has been restricted; his health has been impaired; he has been required to spend sums of money for continued medical care and treatment; he has been required to spend sums of money for continued medical care and treatment; and his ability to enjoy a normal life has been adversely affected.

WHEREFORE, the plaintiff, Henderson Butler demands judgment against defendant Jonathan Gordon, M.D. in an amount to be shown at trial for the serious injuries plaintiff sustained as a result of defendant's negligence, plus interest, costs and reasonable attorney's fees.

## Count III

### (Negligence -Makoto Nagoshi, M.D.)

17.

Plaintiff repeats, restates and incorporates by reference those allegations contained in paragraphs one (1) through four (4), paragraphs five (5) through nine (9) of Count I, and paragraphs ten (10) through sixteen (16) of Count II as if fully set forth in their entirety.

18.

Plaintiff, Henderson Butler, was an individual who came under the care and treatment of defendant Makoto Nagoshi, M.D. for a ventral hernia repair on April 27, 1999 performed at the Veteran's Administration Hospital in West Roxbury, Massachusetts.

19.

A doctor-patient relationship was established between plaintiff and defendant Gordon.

20.

Subsequently, the defendant, Dr. Nagoshi, M.D., by himself or through his employees, agents and/or servants, negligently provided medical services to plaintiff during the hernia repair, which plaintiff had no reason to know occurred until December 12, 2000.

21.

Defendant, Makoto Nagoshi, M.D. failed to meet the applicable standard of care in his follow-up treatment of plaintiff by failing to discover his negligence and by doing so caused further injury.

22.

As a direct and proximate result of defendant, Makoto Nagoshi's, M.D.'s acts of negligence, plaintiff has suffered and will continue to suffer great pain of body and anguish of mind; his ability to work, to earn income and to perform his usual activities has been restricted; his health has been impaired; he has been required to spend sums of money for continued medical care and treatment; and his ability to enjoy a normal life has been adversely affected.

WHEREFORE, the plaintiff, Henderson Butler demands judgment against defendant Makoto Nagoshi, M.D. in an amount to be shown at trial for the serious injuries plaintiff

sustained as a result of defendant's negligence, plus interest, costs and reasonable attorney's fees.

**COUNT IV**

**(Breach of Duty-Makoto Nagoshi, M.D.)**

23.

Plaintiff repeats, restates and incorporates by reference those allegations contained in paragraphs one (1) through four (4), paragraphs five (5) through nine (9) of Count I, paragraphs ten (10) through sixteen (16) of Count II, and paragraphs seventeen (17) through twenty-two (22) of Count IV as if fully set forth in their entirety.

24.

Plaintiff, Henderson Butler, was an individual who came under the care and treatment of defendant Makoto Nagoshi, M.D. for hernia repair surgery on April 27, 1999 performed at the Veteran's Adminstration in West Roxbury, Massachusetts.

25.

Defendant Nagoshi, as an anesthesiologist had a duty to plaintiff to utilize those skills, procedures and practices that another anesthesiologist in like circumstances would utilize in a hernia repair surgery.

26.

A doctor-patient relationship was established between plaintiff and defendant Nagoshi.

27.

Defendant, Makoto Nagoshi, M.D., by himself or through his employees, agents and/or servants, breached his duty of

care by negligently providing medical services to plaintiff during the ventral hernia repair.

28.

Defendant, Makoto Nagoshi, M.D. failed to meet the applicable standard of care in his follow-up treatment of plaintiff by failing to discover the negligence and by doing so caused further injury, providing plaintiff with no reason to know either a breach of duty or negligence occurred until December 12, 2000.

29.

As a direct and proximate result of defendant, Makoto Nagoshi, M.D.'s negligence and breach of duty, plaintiff has suffered and will continue to suffer great pain of body and anguish of mind; his ability to work, to earn income and to perform his usual activities has been restricted; his health has been impaired; he has been required to spend sums of money for continued medical care and treatment; he has been required to spend sums of money for continued medical care and treatment; and his ability to enjoy a normal life has been adversely affected.

WHEREFORE, the plaintiff, Henderson Butler demands judgment against defendant Makoto Nagoshi, M.D. in an amount to be shown at trial for the serious injuries plaintiff sustained as a result of defendant's negligence, plus interest, costs and reasonable attorney's fees.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS**

Respectfully submitted,

Henderson Butler
By his attorney
LAW OFFICES OF JEFFREY S. GLASSMAN, L.L.P.


_____
NEIL S. COHEN, ESQ.
BBO NO. 561173
One Beacon Street, Suite 3333
Boston, MA 02108
(617) 367-2900

Dated: 12/12/03

I HEREBY ATTEST AND CERTIFY ON
APRIL 20, 2004, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK.

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: _____ |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Henderson Butler | Jonathan Gordon, M.D. Makoto Nagoshi, M.D. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Neil S. Cohen Law Offices of Jeffrey S. Glassman, LLP One Beacon Street, Suite 3333, Boston, MA 02108 Board of Bar Overseers number: 561173 | ATTORNEY (if known) |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231,s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P.60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B06 | Malpractice-Medical | (A) | (✓) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
 1. Total hospital expenses ......................................................... $ 25,000.00
 2. Total Doctor expenses .......................................................... $ 8,000.00
 3. Total chiropractic expenses ..................................................... $ .........
 4. Total physical therapy expenses ................................................. $ .........
 5. Total other expenses (describe) ................................................. $ .........
   Subtotal $ 33,000.00
B. Documented lost wages and compensation to date ....................................... $ .........
C. Documented property damages to date ................................................... $ unknown
D. Reasonably anticipated future medical and hospital expenses ............................. $ unknown
E. Reasonably anticipated lost wages ...................................................... $ unknown
F. Other documented items of damages (describe)
   $ .........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   Plaintiff suffered serious injuries as a result of negligence in the performance of a hernia surgery that has left plaintiff in chronic pain and significant disability.
   $ .........
   TOTAL $ 33,000.00

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL $ ...........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _Neil S. Cohen_   DATE: 12/12/03

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON APRIL 20, 2004, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK.

*NOTIFY* 3.16  3.15  **3**

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| SUFFOLK, SS. | SUPERIOR COURT<br>CIVIL ACTION NO.03-5852-B |

HENDERSON BUTLER,  )
                                        )
    Plaintiff,         )
                                        )
v.                              )
                                        )
JONATHAN GORDON, MD and  )
MAKOTO NAGOSHI, MD,  )
                                        )
    Defendants.      )

*[Stamp: MICHAEL JOSEPH DONOVAN CLERK/MAGISTRATE, 2004 MAR 10 P 2:25, SUFFOLK SUPERIOR COURT CIVIL CLERK'S OFFICE]*

*[Handwritten margin note: Allowed. 3/15/04. [signature]]*

### PLAINTIFF'S EMERGENCY MOTION TO ENLARGE TIME TO PERFECT SERVICE

Now comes the Plaintiff in the above-captioned civil action and hereby files his motion to enlarge the time to perfect service of the Complaint on the Defendant, Makoto Nagoshi, M.D. for the following reasons:

1. Plaintiff has had difficulty in locating Defendant, Makoto Nagoshi, M.D., in order to serve him with the Complaint.

2. Plaintiff has attempted to serve the Defendant, Makoto Nagoshi, M.D., at his last known business address in Suffolk County which resulted in a return of "diligent search" and information that said Defendant is now residing in the State of California.

WHEREFORE, plaintiff requests enlargement of the time of ninety (90) days to perfect service of the Complaint on the Defendant, Makoto Nagoshi, M.D.

> Respectfully submitted,
> By plaintiff's attorney
> LAW OFFICES OF JEFFREY S. GLASSMAN, LLP
>
> _____
> Neil S. Cohen, Esquire
> BBO # 561173
> One Beacon Street, Suite 3333
> Boston, MA 02108
> (617) 367-2900

Dated: 3/10/04

I HEREBY ATTEST AND CERTIFY ON APRIL 20, 2004, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _____
ASSISTANT CLERK.

2

**CERTIFICATE OF SERVICE**

I, Neil S. Cohen, counsel for the Plaintiff, do hereby certify that I served the foregoing Plaintiff's Motion to Enlarge Time on all counsel of record and non-represented parties by United States First Class mail, postage prepaid to: Jonathan Gordon, M. D., 43 Village Square, Chelmsford, MA 01824.

This _10_ day of _March_, 2004.

_____
Neil S. Cohen, Esquire

# Commonwealth of Massachusetts

4

SUFFOLK, ss.



SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE

2004 MAR 16 P 12: 33

MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 03-5852

___Henderson Butler___, Plaintiff(s)

v.

___Makoto Nagoshi, M.D. and___, Defendant(s)
___Jonathan Gordon, M.D.___

## SUMMONS

To the above-named Defendant: Jonathan Gordon, M.D.

You are hereby summoned and required to serve upon __Neil S. Cohen, Esquire__ __Law Offices of Jeffrey S. Glassman, L.L.P.__ plaintiff's attorney, whose address is __1 Beacon St., Ste. 3333, Boston, MA__, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the _____FOURTH_____ day of _____MARCH_____, in the year of our Lord two thousand __FOUR__.

*Michael Joseph Donovan*
Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT   (2) MOTOR VEHICLE TORT   (3) CONTRACT   (4) EQUITABLE RELIEF   (5) OTHER

FORM CIV.P. 1 3rd Rev. 30M 10/2000

I HEREBY ATTEST AND CERTIFY ON
__APRIL 20, 2004__, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: *Nancy C. Aldrich*
ASSISTANT CLERK.