UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HENDERSON BUTLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-10761-RWZ |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

### UNITED STATES' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

The United States of America, the proper party in the case, hereby submits its memorandum in support of its motion to dismiss this action. As set forth more fully below, this court lacks jurisdiction over this action due to plaintiff's failure to adhere to the statute of limitations requirements of 28 U.S.C. §2401(b). Specifically, plaintiff's failure to file suit against the United States in this Court within six (6) months of the administrative denial of his claim bars this suit.

### Factual Background

On September 3, 2002, plaintiff submitted an administrative claim, through counsel, to the Department of Veterans Affairs ("VA"), seeking recovery for alleged tort liability by the VA in connection with medical treatment received by plaintiff. The VA is a federal governmental agency. By letter dated August 19, 2003, and sent via certified mail to plaintiff's counsel, Neil S.



Cohen, the VA denied that administrative claim. See Exhibit 1, attached hereto.[1] That denial directed plaintiff:

> to the provisions of the Federal Tort Claims Act (28 U.S.C. Section 1346(b) (and Section 2675) which provide a tort claim which is administratively denied may be presented to a United States District Court for judicial consideration. Such suit must be initiated within 6 months after the date of mailing of this notice of denial (28 U.S.C. Section 2401). If you decide to initiate a suit against the Department of Veterans Affairs, you are advised that the proper party defendant is the United States of America (28 U.S.C. Section 1346(b) (and Section 2671, et seq.).

Id. (emphasis supplied).

Plaintiff, and his counsel, apparently ignored these instructions, and the laws referenced in the instructions. Instead, plaintiff filed a suit, for medical malpractice, in state court (Suffolk County Superior Court) against the two individual doctors who provided him treatment at the VA hospital (Drs. Nagoshi and Gordon). This suit was filed December 12, 2003. Dr. Gordon does not appear to have been served with the Summons and Complaint in that state court action until March 9, 2004, more than six months after the denial of plaintiff's administrative claim. Dr. Nagoshi does not appear to have been served as of this date.

Thus, after being provided with specific written notice in his denial of administrative claim, and despite being represented by counsel, plaintiff filed suit in the wrong court, against the wrong defendant, and did not serve either of the doctors until more than six months after the

---

[1] Referring to portions of the administrative record from Plaintiff's Federal Tort Claims Act administrative claim is appropriate on a Motion to Dismiss and does not convert it into a Motion for Summary Judgment. Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002). Such a motion goes to the very power of the Court to hear the case and in considering such a motion, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Mortenson v. First Federal Savings and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

2

denial of his administrative claim.

It is undisputed that there was no pending action in this Court, or any federal district court until more than six months after the VA's August 19, 2003 denial of plaintiff's administrative claim. Moreover, it is also undisputed that no current or former government employee was served with process from the state court action until more than 6 months after the VA's August 19, 2003 denial of plaintiff's administrative claim.

## Argument

### Plaintiff's Suit Is Barred By The FTCA Statute Of Limitations.

The Federal Tort Claims Act ("FTCA") is the exclusive remedy for tort actions against the United States. 28 U.S.C. §2679(a). Moreover, in such actions, the only proper defendant is the United States, and not individual employees or agents of the United States. 28 U.S.C. §§1346(b), 2679(b)(1).

The statute of limitations under the FTCA, 28 U.S.C. §2401(b), requires that "[a] claim must be filed with the agency within two years of the claim's accrual, and the claimant must file suit within six months of administrative denial of the claim. If either requirement is not met, suit will be time barred." Dynicwicz v. United States, 742 F.2d 484, 485 (9th Cir. 1984)(Kennedy, J.). The United States Court of Appeals for the District of Columbia Circuit explained the mandatory nature of these two time requirements in Schuler v. United States, 628 F.2d 199, 201 (D.C. Cir. 1980)(en banc):

> Though the section is not happily drafted, common sense and legislative history tell us that [section 2401(b)] requires the claimant both to file the claim with the agency within two years after accrual of the claim and then file a complaint in the District Court within six months after the agency denies the claim. Were we to read the "or" in the section as really intending the disjunctive, a claimant who

3

>filed a claim with the agency within two years wold then be able to bring it to a District Court at any remote future time after the agency denied him relief.

A claimant who fails to comply with either requirement will be barred from further pursuing a claim under the FTCA. While the United States doubts that the administrative claim was brought within two years of accrual, that doubt is properly reserved for a motion for summary judgment, if necessary. This motion focuses solely on the plaintiff's undisputed failure to file suit against the United States in federal district court (or anywhere else for that matter) within 6 months of the administrative denial of his claim.

The requirements of 28 U.S.C. §2401(b) are jurisdictional. Gonzalez v. United States, 284 F.3d 281, 287 (1st Cir. 2002); Corte-Real v. United States, 949 F.2d 484, 485 (1st Cir. 1991). Because these requirements were not met, this Court lacks jurisdiction over this action.

To reiterate the basic facts, plaintiff, knowing that a federal agency was involved, made an administrative claim to the VA. That claim was denied by the VA by letter dated August 19, 2003. Therefore, pursuant to 28 U.S.C. §2401(b), plaintiff had until February 19, 2003, to file suit against (and serve the United States). Not only was this statutorily required, plaintiff was specifically referred to this statute and the need to sue the United States in federal court in the letter denying his administrative claim.

Instead, plaintiff filed suit against two VA doctors (not the United States) in state court on December 12, 2003. However, he did not effect service on either doctor until March 9, 2003 (about 20 days after his deadline to sue the United States had expired). Therefore, he never timely sued the United States. And, he never even provided timely notice to the United States, by serving an employee of the United States, in a timely fashion. It is well settled that such a

4

defective suit does not toll the statute of limitations. E.g., Houston v. United States Postal Service, 823 F.2d 896 (5th Cir. 1987)("The mere pendency of this defective suit during the six-month period, a suit the United States was not formally notified of until much later, did not begin an action under section 2401(b)); Wukawitz v. United States, 170 F.Supp.2d 1165, 1170 (D. Utah 2001)(the filing of a state court action does not constitute "commencement" of an action against the United States for purposes of tolling the statute of limitation). Therefore, it is clear that plaintiff did not comply with the six month requirement in 28 U.S.C. §2401(b).

In addition, that failure may not be excused under the doctrine of equitable tolling. "The doctrine of equitable tolling suspends the running of the statute of limitations if a plaintiff, in the exercise of reasonable diligence, could not have discovered information essential to the suit." Gonzalez v. United States, 284 F.3d 281, 291 (1st Cir. 2002). In Gonzalez, the First Circuit rejected plaintiff's claims that the statute of limitations should be tolled on the ground that plaintiff was unaware of the defendants' status as federal employees. Id. There, the federal nature of the hospital, and the federal employment of the treating doctors, was much less apparent than in this case. In Gonzalez, unbeknownst to plaintiff, the place of her treatment, Greater Lawrence Family Health Center, was actually a federally funded community health care center. In this case, plaintiff knew he was treated at a federal facility, the VA Hospital, and knew enough to make an administrative claim to the VA. In contrast, in Gonzalez, the plaintiff, not knowing of any federal connection, never made an administrative claim. However, the First Circuit held that:

> [a]lthough the plaintiff did not know the federal status of the defendants at the time of her treatment, she and her attorneys had two years to ascertain the legal status of the doctors and could easily have learned it. Instead, they simply

5

assumed that this was a state case and failed to make any inquiries whatsoever to confirm their assumption. This demonstrates a clear lack of due diligence on the part of plaintiff and her attorneys. We hold that the district court properly rejected the plaintiff's claim that the statute of limitations should be tolled on the ground that the plaintiff was unaware of the defendants' status as federal employees.

Id. at 291-292. In this case, Gonzalez applies with even greater force because plaintiff and his counsel did know of a federal presence and went so far as to make an administrative claim to the VA. Thus, it is clear that equitable tolling does not apply in this case.

In sum, this Court lacks jurisdiction because plaintiff failed to sue the United States within six months of the denial of his administrative claim, as required by 28 U.S.C. § 2401(b).

### Conclusion

For all the foregoing reasons, the United States respectfully requests that this Court allow its motion to dismiss.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Jeremy M. Sternberg
Jeremy M. Sternberg
Assistant United States Attorney
J. Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
Telephone:   (617) 748-3142

Dated: 5-3-04

Certificate of Service
I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each. Other party by mail/hand on _____
5-3-04       /s/ Assistant U.S. Attorney
DATE         Assistant U.S. Attorney

# EXHIBIT 1



**DEPARTMENT OF VETERANS AFFAIRS**
Office of Regional Counsel
200 Springs Road, Bldg. 61
Bedford, MA 01730
TEL: 781-687-3600
FAX: 781-687-3626

<u>**CERTIFIED MAIL   RETURN RECEIPT REQUESTED**</u>

August 19, 2003

Neil S. Cohen, Esquire
Law Offices of Jeffrey S. Glassman, L.L.P.
One Beacon Street, Suite 3333
Boston, Massachusetts 02108

Subject: Administrative Tort Claim Denial

Dear Attorney Cohen:

We have completed our investigation of your claim, on behalf of Butler Henderson forwarded by letter of September 3, 2002 and have concluded that it must be denied. Our investigation found no evidence of a negligent or wrongful act or omission by a Department of Veterans Affairs (VA) employee acting within the scope of his or her employment causing your claimant's alleged injury. Accordingly, the claim is denied.

If you are dissatisfied with the action taken on your claim, you may, prior to the expiration of six months from the date of mailing this notice of final denial, file a request with the Department of Veterans Affairs (VA) for reconsideration of the claim. The request for reconsideration should be addressed to the Department of Veterans Affairs, General Counsel (021), 810 Vermont Avenue, N.W., Washington, D.C. 20420. Upon filing such a request for reconsideration, VA shall have 6 months from the date of that filing in which to make final disposition of the claim, and your option to file suit in an appropriate U.S. District Court under 28 U.S.C. Section 2675(a) shall not accrue until 6 months after the filing of such request for reconsideration (28 C.F.R. Section 14.9).

In the alternative, your attention is invited to the provisions of the Federal Tort Claims Act (28 U.S.C. Section 1346(b)( and Section 2675) which provide that a tort claim which is administratively denied may be presented to a United States District Court for judicial consideration Such suit must be initiated within 6 months after the date of mailing of this notice of denial(28 U.S.C. Section 2401). If you decide to initiate a suit against the Department of Veterans Affairs, you are advised that the proper party defendant is the United States of America (28 U.S.C. Section 1346(b)(and Section 2671, et seq.)

Sincerely yours,

EDWARD J. LUKEY
Regional Counsel